**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000312
26-SEP-2024
07:55 AM
Dkt. 80 SO**</span>

CAAP-21-0000312

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WAILANI K. AH MOW, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAHIAWA DIVISION)
(CASE NO. 1DTA-20-01426)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Wailani K. Ah Mow (**Ah Mow**) appeals from the March 11, 2021 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered against him by the District Court of the First Circuit, Wahiawa Division (**District Court**).[1] Ah Mow was convicted of the offenses of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii

_____

[1] The Honorable Michelle N. Comeau presided.

Revised Statutes (**HRS**) § 291E-61(a)(1) and (b)(2) (2020),[2] and the offense of Excessive Speeding in violation of HRS § 291C-105(a)(2) and (c)(1) (2020).[3]

Ah Mow raises two points of error, contending that the District Court abused its discretion: (1) in accepting into evidence the results of the Stalker XLR LIDAR speed gun (the

_____

[2] HRS § 291E-61(a)(1) and (b)(2) provides, in relevant part:

> **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
>
> . . . .
>
> (b)    A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> . . . .
>
> > (2)    For an offense that occurs within ten years of a prior conviction for an offense under this section or section 291E-4(a)[.]

[3] HRS § 291C-105(a)(2) and (c)(1) provides, in relevant part:

> § 291C-105  **Excessive speeding.**  (a) No person shall drive a motor vehicle at a speed exceeding:
>
> . . . .
>
> > (2)    Eighty miles per hour or more irrespective of the applicable state or county speed limit.
>
> . . . .
>
> (c)    Any person who violates this section shall be guilty of a petty misdemeanor and shall be sentenced as follows without the possibility of probation or suspension of sentence:
>
> > (1)    For a first offense not preceded by a prior conviction for an offense under this section in the preceding five years[.]

**LIDAR**) because there was insufficient foundation showing that Honolulu Police Department (**HPD**) Sergeant Jesse Takushi (**Sergeant Takushi**) received training that met the LIDAR manufacturer's requirements; and (2) in finding there was sufficient foundation for HPD Officer Art Gazelle's (**Officer Gazelle's**) testimony regarding Ah Mow's performance on the standardized field sobriety test (**SFST**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ah Mow's points of error as follows:

(1) Ah Mow argues that the District Court abused its discretion in admitting the results of the LIDAR reading because there was insufficient foundation to show that Sergeant Takushi's training met the manufacturer's requirements, as required by State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009).

> The Hawaiʻi Supreme Court has held:
>
> > In order to establish a sufficient foundation for the admission of a speed reading from a laser gun, the prosecution is required to produce evidence that the "nature and extent of an officer's training in the operation of the laser gun meets the requirements indicated by the manufacturer." [Assaye, 121 Hawaiʻi at 215, 216 P.3d at 1238]. "[T]o meet this burden the prosecution must establish both (1) the requirements indicated by the manufacturer, and (2) the training actually received by the operator of the laser gun." [State v.] Gonzalez, 128 Hawaiʻi [314,] 327, 288 P.3d [788,] 801 [(2012)].

State v. Amiral, 132 Hawaiʻi 170, 178, 319 P.3d 1178, 1186 (2014).

Here, Sergeant Takushi testified that in conjunction with his training he received and reviewed an operator's manual issued by Applied Concepts/Stalker, the manufacturer of the LIDAR device, which had the LIDAR on the front cover, and the manufacturer's copyright on the back. He testified as to the specifics of his training and the manufacturer's recommendations. Sergeant Takushi testified to taking two training courses, in March of 2018 and January of 2019, one conducted by HPD Officer Ryan Espiritu, who had received instructor training and certification by Stalker, and one conducted by Steven Hocker, a representative from Stalker. The training included in-class and practical training, going over the manual, hands-on training and practice with the LIDAR, and written and practical tests. Sergeant Takushi testifed that he was trained to conduct the four accuracy tests at both training sessions, and he testified as to the details of each of the four tests for inspecting and testing the accuracy of the LIDAR device. He testified as to how he was trained to obtain a speed measurement and how to read the accuracy results, as well as the results of the speed measurement. Thus, we conclude that the District Court did not abuse its discretion in determining that there was sufficient foundation to establish Sergeant Takushi's training as foundation for the admission of the LIDAR speed reading.

(2) The District Court determined and informed the parties that it would treat Officer Gazelle as a lay witness, not an expert witness, and that the court would allow Officer Gazelle

4

to testify as to his observations of Ah Mow, not as "clues of intoxication."

It is well-established that an arresting officer is permitted to testify as to his or her observations of a defendant's physical performance on an SFST.  See State v. Ferrer, 95 Hawaiʻi 409, 427, 23 P.3d 744, 762 (App. 2001). However, effective prior to Ah Mow's arrest, the supreme court held that police officers can no longer testify, in either a lay or an expert capacity, that a driver appeared to be intoxicated. State v. Jones, 148 Hawaiʻi 152, 174, 468 P.3d 166, 188 (2020).[4]

Contrary to Ah Mow's assertions, as made clear in the District Court's oral findings and conclusions, the District Court properly considered Officer Gazelle's testimony recounting his observations of Ah Mow's physical actions and conduct as he performed the SFST.  Officer Gazelle did not state an opinion as to Ah Mow's intoxication in his testimony; nor did the court improperly rely on any such opinion testimony.  Rather, the court credited the officer's testimony based on the detail and description that was given concerning the officer's observations.

Finally, Ah Mow submits that because the SFST "results" should not have been considered, there was insufficient evidence to support his conviction of OVUII.  As we have rejected his challenge to Officer Gazelle's testimony, we conclude this argument is without merit.

---

[4]    Nor can an officer testify that a defendant passed or failed an SFST.  Jones, 148 Hawaiʻi at 170, 468 P.3d at 184.

For these reasons, the District Court's March 11, 2021 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, September 26, 2024.

On the briefs:

William Bagasol,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge